UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CESAR HUERTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.:  2:22-cv-303 |
| v. | ) |
| | ) |
| TED RUFF and AMERICA'S SERVICE LINE, LLC, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANTS' NOTICE OF REMOVAL

Defendants Ted Ruff (Ruff) and America's Service Line, LLC (ASL) (collectively, Defendants), by and through their attorneys, Lesley A. Pfleging and Macie L. Hinen of Lewis Wagner, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove this action from the Superior Court of Lake County, Indiana, to the United States District Court for the Northern District of Indiana, and in support state as follows:

### The Action

1. On or about September 16, 2022, the Plaintiff, Cesar Huerta (Plaintiff or Huerta), filed a Complaint in the Lake County (Indiana) Superior Court styled as *Cesar Huerta vs. Ted Ruff and America's Service Line, LLC*, Cause No. 45D01-2209-CT-000921, asserting personal-injury claims arising from an October 21, 2020 motor vehicle accident in Merrillville, Lake County, Indiana.

2. Defendant ASL was served with a copy of the Summons and Complaint at its principal place of business in Green Bay, Wisconsin, by certified mail, on September 23, 2022. Defendant Ruff was served with a copy of the Summons and complaint on September 23, 2022.

Pursuant to 28 U.S.C. § 1446(a), copies of Plaintiff's Complaint and Summonses are attached to this Notice of Removal. The moving Defendants have also attached a copy of the current State Court docket sheet and all other filings to date in the state court action.

3. There are no pending state court motions within the Superior Court of Lake County, Indiana.

## Statutory Grounds for Removal

4. This action is removable under 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the case is between citizens of different states.

## Citizenship of the Parties

5. The Plaintiff, who the Defendants' research indicates is a life-long Indiana resident with an operator's license issued in Indiana, is domiciled in, and a citizen of, the State of Indiana.

6. Defendant, America's Service Line, LLC was organized and incorporated in Delaware, and its principal place of business is Wisconsin. America's Service Line, LLC's member is American Foods Group, LLC, which is organized and incorporated in Delaware with its principal place of business in Wisconsin. American Food Group, LLC's member is Rosen's Diversified, Inc., which is incorporated in and has its principal place of business in Minnesota.

7. Defendant, Ted Ruff is domiciled and a citizen of Wisconsin.

## Amount in Controversy

8. The Plaintiff's Complaint did not allege any specific amount or range in damages. However, Plaintiff is seeking compensation for personal injuries he allegedly sustained as a result

of an October 21, 2020 motor vehicle accident. In his Complaint, Plaintiff alleges "as a direct and proximate result of Ruff's negligence and/or recklessness and the resulting impact, Cesar suffered personal injuries, damages, harm, and loss; incurred and will incur medical, hospital, surgical, pharmaceutical, and therapeutic expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of lift; lost wages; and incurred other injuries of a personal and pecuniary nature. Plaintiff is also seeking punitive damages. Complaint, p. 4.

10. Gallagher Bassett is the third-party claims administrator for Chubb Insurance Company, who is America Service Line, LLC's (ASL) insurer. On July 9, 2021 Gallagher Bassett, received a letter from Great West Casualty Insurance Company (Great West) as subrogee for Black Horse Carriers, Inc. who was Cesar Huerta's employer at the time of the accident. According to the Great West Letter, Black Horse Carriers, Inc. expended workers compensation benefits to Mr. Huerta in the amount of $89,037.97.

11. The workers compensation lien of $89,037.97 includes amounts paid to medical providers that provided treatment to plaintiff for injuries allegedly arising out of this accident and consists of indemnity amounts paid to Plaintiff for his lost wages. And, according to the allegations of the Complaint, Plaintiff is seeking lost wages from October 21, 2020 to current and is still receiving medical treatment for his personal injuries.

12. Plaintiff also seeks punitive damages against Defendants. While Defendants contest and deny Plaintiff's damages allegations, Defendants believe in good faith, that Plaintiff is claiming an amount in controversy in excess of $75,000.00, exclusive of interest and costs. Thus, the amount in controversy exceeds the $75,000 jurisdictional threshold.

13. Where there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, there is subject matter jurisdiction over this case pursuant to 28 U.S.C.§1332(a).

14. This matter is removable pursuant to 28 U.S.C. §1441(b) where there is complete diversity of citizenship between the parties.

15. The Notice of Removal was filed within 30 days, from the date of service and was also filed within one year of commencement of the state court action.

16. Accordingly, pursuant to 28 U.S.C. § 1332 (a)(1), this Court has original jurisdiction of this action because the amount in controversy is in excess of the sum of $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.  Therefore, removal is appropriate under 28 U.S.C. § 1441(b).

17. Venue is proper in this district because Plaintiff filed his original state court action in Lake County, Indiana.

18. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the removal to Plaintiff and to the Clerk of the Superior Court for Lake, County, Indiana. Specifically, promptly after filing this Notice of Removal, Defendants shall electronically file, through the State of Indiana's E-Filing System, a Notice of Filing Notice of Removal and electronically serve all parties of record and the State Court Clerk.

19. By filing this Notice of Removal, Defendants, do not waive any defenses available to it.

WHEREFORE, Defendants, America's Service Line, LLC and Ted Ruff, by counsel, hereby respectfully provide this notice that this action is removable to this Court from the Lake County Superior Court, Indiana, pursuant to 28 U.S.C. § 1441, seek its removal to this Court, and

pray for any and all other necessary and proper relief in the premises. Defendants further pray that there be no further proceedings in this action in the Lake County Superior Court No. 1, Indiana.

**LEWIS WAGNER, LLP**

By:   /s/*Lesley A. Pfleging*
LESLEY A. PFLEGING, #26857-49A
MACIE L. HINEN, #36847-49
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

    Brock P. Alvarado
    WALTER J. ALVAREZ, P.C.
    1524 West 96th Avenue
    Crown Point, IN 46307
    brock@gowithalvarez.com
    ***Counsel for Plaintiff***


                                    By: /s/ *Lesley A. Pfleging*
                                          LESLEY A. PFLEGING

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com
mhinen@lewiswagner.com